Per Curiam.
 

 The plaintiff in the Circuit Court, on this action of ejectment, induced the court by affidavit to change the venue. When in the court the cause was directed to be moved to, the defendant below moved to change it, as the record says, upon affidavit, which the court refused. The assignment of errors stated
 
 that the venue ought to have been changed upon this
 
 affidavit, and that the affidavit was filed. The defendant does not appear, and the cause is so circumstanced by the rules of the court as to be opened for affirmance. Then we must look into the record, and see whether it can legally be affirmed. We cannot say whether the venue ought to have been changed or not, until * after inspection of the affidavit which the assignment of errors, refers to. Here arise several questions : Can the venue be changed a second time, at the instance of a party, after a -change of venue by his adversary ? Can this court, without a suggestion of diminution, send for a part of the record by
 
 certiorari ?
 
 The acts of 1809,
 
 *426
 
 ch. —, and of 1815, ch. —, do not give the privilege of a second removal in express words, but the spirit of the act of 1815 does. So is the practice in West Tennessee. Causes there have been removed to other counties ,because of prejudices conceived and springing up after one or two trials, the consequent publicity of the controversy, and the excitements thereby occasioned. A cause may be removed to another county in the absence of one of the parties; who, if he were present, could show good reason for not trying it in the county to which it is removed. Why does the law of 1815 provide for a change of venue at any time before trial and verdict ? It is because of intervening prejudices, between the first trial term and the verdict. May not the same prejudices spring up in the county the venue is changed to, as well as in that the writ or other process is returned to ? Why not then change the venue in the latte]’ case, as well as in the former ? And as to the other question, if the court perceive by references on the record, that a part of the proceedings is not sent up, and it be such a part as will determine the opinion of the court either on one side or the other, the decision ought not to be made without it. But the court should send a
 
 certiorari
 
 for that part of the record
 
 ad informandum conscientiam curice.
 
 But on the next morning after the court had formed this opinion and was ready to deliver it, and called to the counsel, no one appeared on either side, and by the rules of this court the writ of error was non-prossed.
 

 See King’s Digest, 1867, 1868, 11,283.